**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-6105**

_____

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

         v.

RICHARD ASHBAUGH,

                  Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:05-cr-00060-JPB-RWT-1)

_____

Submitted:  August 31, 2018                    Decided:  September 7, 2018

_____

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded with instructions by unpublished per curiam opinion.

_____

Valena E. Beety, Christopher W. Maidona, Third-Year Law Student, Victoria G. Bittorf, Third-Year Law Student, Morgantown, West Virginia, Thomas J. Gillooly, West Virginia Innocence Project, WEST VIRGINIA UNIVERSITY COLLEGE OF LAW, Charleston, West Virginia, for Appellant.  William J. Powell, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Tara Tighe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Ashbaugh seeks to appeal the district court's denial of his Fed. R. Civ. P. 60(b) motion to reconsider the denial of his motion to reopen his 28 U.S.C. § 2255 (2012) case. We have reviewed the record on appeal and conclude that Ashbaugh's Rule 60(b) motion was actually a second or successive habeas motion because he sought, in essence, to collaterally attack his sentence and the district court adjudicated his first § 2255 motion on the merits. Ashbaugh did not obtain prefiling authorization from this court to file a second or successive § 2255 motion, and, thus, the district court lacked jurisdiction to consider Ashbaugh's motion for reconsideration. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). As a result, we must "vacate the order denying [Ashbaugh's] motion for reconsideration and remand to the district court with instructions to dismiss the motion." *Id.* at 208.

Next, following *Winestock*, we "construe [Ashbaugh's] notice of appeal and his appellate brief as a motion for authorization to file a successive application." 340 F.3d at 208. To obtain permission to bring a second or successive § 2255 motion, a movant must show that his claim: (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) relies on newly discovered facts that tend to establish the movant's innocence. 28 U.S.C. § 2255(h). We conclude that Ashbaugh's claims do not satisfy either of these criteria.

Accordingly, we vacate the district court's order and remand with instructions to dismiss Ashbaugh's motion for lack of jurisdiction, and we deny authorization to file a second or successive § 2255 motion. We dispense with oral argument because the facts

2

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*